■ MICHAEL PILEWSKI, Respondent, v ROGER K. SOLYMOSY, Defendant, and BRODY & FABIANI, Appellant. [689 NYS2d 44] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 23, 1998, which denied defendant-appellant's motion for summary judgment dismissing the complaint based on Statute of Limitations grounds, unanimously affirmed, without costs.

While defendant-appellant does not contend on this appeal that Supreme Court erred in denying its motion on Statute of Limitations grounds, it does contend that the court erred in failing to reach its argument that it was nevertheless entitled to summary judgment based on the plaintiff's asserted failure to set forth a question of fact as to whether there was privity between plaintiff and defendant-appellant that would extend to making defendant-appellant liable for the alleged malpractice of defendant Roger K. Solymosy.

However, as plaintiff points out, there has been extensive discovery, some of it apparently relevant to this issue, subsequent to entry of the order appealed. While the parties have alluded to some of the evidence obtained though this discovery on this appeal, it is not, at this juncture, properly before the Court. Moreover, the evidence that is properly before this Court shows at least some support for plaintiff's contention that defendant-appellant held itself out as defendant Roger K. Solymosy's employer prior to and during Solymosy's representation of plaintiff on the underlying action for medical malpractice. Under these circumstances, we find that the court properly denied the motion to dismiss at this juncture and that

defendant-appellant, if it so desires, should renew its motion for summary judgment before the trial court upon a full record. Concur—Ellerin, P. J., Sullivan, Rosenberger and Tom, JJ.